NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS LIDDELL, | : |
| | : Civil Action No. 12-2669 (SDW) |
| Plaintiff, | : |
| | : |
| v. | : MEMORANDUM OPINION |
| | : |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | : |
| | : |
| Defendants. | : |

**CLARK, Magistrate Judge**

Currently pending before the Court are Defendants David Weaver and Lois Ferguson's ("Defendants") motion for leave to file an amended answer [Docket Entry No. 58] and Plaintiff Thomas Liddell's ("Plaintiff") motion for leave to file a second amended complaint [Docket Entry No. 62]. Defendants have opposed Plaintiff's motion [Docket Entry No. 65] but Plaintiff has not filed opposition to Defendants' motion. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, both motions. The Court considers both motions without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, both motions are GRANTED.

I. **BACKGROUND**

Plaintiff filed the Complaint in this matter on May 4, 2012, requesting to bring this action *in forma pauperis*. *See Compl.*; Docket Entry No. 1. Upon the District Court's initial screening of the complaint, the Court dismissed all claims against the New Jersey Department of Corrections, all claims against commissioner George Hayman, Plaintiff's Due Process claim,

1

Plaintiff's Equal Protection claim, and all claims against Eileen Liddell. *See* Docket Entry No. 5. Motions to dismiss Plaintiff's complaint were subsequently filed by Defendants Jack Ozsvart, Robert Chetirkin, Robert Diehm and Erica Madden.  In an Opinion dated December 4, 2013, the Honorable Dennis M. Cavanaugh, U.S.D.J. granted in part and denied in part Defendants' motions. *See* Docket Entry No. 49.  In its reasoning, the District Court noted that "a plaintiff is barred from recovering against a public entity or employee if he fails to file a notice of claim within ninety days of the claim's accrual. N.J.S.A. §59:8-8." *Id.* at 5.  Because Plaintiff did not file evidence of a notice of tort claim, the District Court dismissed Plaintiff's tort claims without prejudice.  Plaintiff's Equal Protection and Eighth Amendment claims were dismissed with prejudice.  The District Court permitted Plaintiff's First Amendment claims to continue, finding that the Defendants were sufficiently alleged to have been personally involved, that the facts as alleged did not entitle the Defendants to qualified immunity, and that Plaintiff's claim was timely under the statute of limitations.

A pretrial scheduling order in this matter was entered on November 1, 2013, requiring that any motions to amend the pleadings be filed by January 10, 2014.[1] *See* Docket Entry No. 46. Both Plaintiff and Defendants moved to amend their respective pleadings, which motions are now before the Court.

## II. <u>LEGAL STANDARD</u>

Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it; or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Otherwise, pursuant to

---

[1] This date was later extended to February 7, 2014. *See* Docket Entry No. 60.

Rule 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Pursuant to FED.R.CIV.P. 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility the District Court uses "the same standard of legal sufficiency" as applied for a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.*

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2).[2] Citing its opinion in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), for the proposition that

---

[2] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." FED.R.CIV.P. 8(d).

"[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal,* 129 S. Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard.

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice .... Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not "show[n]"-- "that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

*Iqbal,* 129 S. Ct. at 1949-1950 (citations omitted). The Court further explained that:

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

Thus, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Id.* at 1949. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. *Id.* at 1949-50.

### III. DISCUSSION

#### A. Motion to Amend Complaint

Plaintiff seeks leave to amend his complaint in light of the District Court's December 4, 2013 Opinion and Order. *See* Docket Entry No. 62 at 2. Plaintiff states that he "has removed

from the Complaint issues dismissed with prejudice by the Court's Order, and has amended the Tort Claim issue which was dismissed without prejudice by the Court[.]" *Id.* In response to the District Court's concerns, Plaintiff has alleged in his Second Amended Complaint ("SAC")[3] that "[o]n May 4, 2011 Plaintiff filed a timely notice of a Tort Claim pursuant to NJSA 59:8-8 on the Defendants via Certified Mail[.]" *SAC* at ¶7. Plaintiff also filed the Notice of Claim as an exhibit to the SAC.

Defendants have opposed Plaintiff's motion, arguing that Plaintiff is attempting to reinstate previously dismissed claims, and further arguing that any amendment would be futile. Defendants maintain that "Plaintiff has failed to assert facts demonstrating that he filed a notice of claim within ninety days of the accrual of the cause of action." *Defendants' Letter Brief in Opposition* at 4; Docket Entry No. 65. Further, Defendants state that "Plaintiff repeatedly refers to the conditions of his confinement throughout the proposed [SAC] and complains about his treatment while incarcerated in the administrative custody unit." *Id.* at 6. As such, Defendants submit that it is possible to construe the SAC as reinstating those claims which were dismissed by the District Court with prejudice. *Id.*

In response to Defendants' contention that Plaintiff is attempting to resurrect claims that have already been dismissed with prejudice, Plaintiff states that "[t]his is not the case" and notes that because the dismissal was with prejudice, such an argument by the Defendants is moot. *Plaintiff's Brief in Reply* at 3; Docket Entry No. 67. With respect to his Notice of Tort Claim, Plaintiff maintains that he filed same timely, arguing that the "accrual of the cause of action did not begin to toll[4] until the violations, or threats thereof of continual violations of Plaintiff's rights

---

[3] It does not appear that Plaintiff's proposed Second Amended Complaint has been filed with any of his briefing on the motion. However, a hard copy was sent to Chambers and thus, the Court finds that the requirement of L.Civ.R. 7.1(f) is satisfied.
[4] It appears that Plaintiff meant to state that the accrual time did not begin to *run*, because it had been tolled.

5

by the Defendants cease[d] to exist." *Id.* at 4. In this regard, Plaintiff submits that he was not required to file a notice of tort claim until the alleged wrongful conduct by Defendants ceased. *Id.*

The Court finds that Plaintiff's motion to amend his Complaint should be granted. The Court accepts Plaintiff's representations that he is not resurrecting his previously-dismissed claims and indeed, Plaintiff could not bring those claims, as it is undisputed that they were dismissed with prejudice by the District Court. With respect to Plaintiff's tort claims, the Court finds that they should be allowed to proceed at this juncture. Plaintiff has alleged that he has timely filed a notice of Tort Claim and has attached same as an exhibit to the SAC. The Court is not persuaded by Defendants' conclusory argument that "Plaintiff has failed to assert facts demonstrating that he filed a notice of claim within ninety days of the accrual of the cause of action." *Deft. Ltr. Br. Opp.* at 4. For purposes of evaluating the sufficiency of the pleadings, the Court shall not engage in a detailed fact-sensitive analysis of whether the accrual date was indeed tolled by the continuing violation theory when Defendants have provided no other argument or even any specific dates tending to show that Plaintiff's claim is untimely. Indeed, such an analysis would be improper, as Plaintiff's allegation that the notice of tort claim was timely filed is a fact which must be construed in the light most favorable to Plaintiff. As such, Plaintiff's tort claims are not futile and are permitted to proceed.

### B. Motion to Amend Answer

Defendants David Weaver and Lois Ferguson also move this Court for leave to file an amended answer to assert the statute of limitations as a separate defense and to "correct the misstated name of David Weaver" as he was incorrectly identified originally as "Dennis" Weaver.

*Certification in Support of Motion to Amend Answer* at ¶¶13-15; Docket Entry No. 58-1. Plaintiff has not filed any opposition to this motion.

The Court finds that Defendants' requested amendments are proper. Although Plaintiffs' claims are timely for the purposes of the sufficiency of the Complaint, the Court finds that the statute of limitations defense is a question of fact which is more suited to be resolved at the summary judgment stage, after discovery has been conducted. As such, Defendants are permitted to amend their answer to include the statute of limitations as a separate defense and may further amend to correct Defendant Weaver's name.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file an amended complaint is hereby GRANTED and Defendant's motion for leave to file an amended answer is also GRANTED. An appropriate Order follows.

Dated: April 23, 2014

                                              s/James B. Clark, III
                                              **HONORABLE JAMES B. CLARK, III**
                                              **UNITED STATES MAGISTRATE JUDGE**